# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE ESTATE OF | ) | |
| HERMAN WHITFIELD, III, | ) | |
| | ) | |
| PLAINTIFF, | ) | NO. 1:22-cv-01246-SEB-MJD |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF INDIANAPOLIS, | ) | |
| STEVEN SANCHEZ, | ) | |
| ADAM AHMAD, | ) | |
| MATTHEW VIRT, | ) | |
| DOMINIQUE CLARK, | ) | |
| JORDAN BULL, and | ) | |
| NICHOLAS MATHEW, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, by counsel, objects to Defendants' Motion for Extension of Time (Dkt. 33) to Respond to Plaintiff's First Request for Production of Documents.

Plaintiff's discovery request contains one request: "A copy of any and all video or photographs relating to the Incident, including the complete officer body cam videos."

Defendants do not complain that the request is too onerous to comply with within the standard response time.

Defendants state that an extension is necessary "because the requested items are not available for production at this time, due to an underlying criminal investigation of the incident which is the subject of this lawsuit" and that "production of the requested documents in the civil case while the related criminal investigation is continuing could compromise that investigation." Dkt 33, paragraphs 4, 6.

Defendants do not support their request with any evidentiary materials, such as an affidavit from an investigator or prosecutor attesting to any impairment of an investigation or prosecution which would be compromised by production of the videos or photographs.

Neither of Defendants' assertions are valid.

First, Defendants cannot claim that providing the videos and photographs in discovery would somehow impair any criminal investigation or prosecution, as Defendant City of Indianapolis has already published to the public an edited version of the body cam videos. Specifically, on June 28, 2022, Defendant City published on its official website a compilation of the body cam videos titled "Critical Incident Video - 3700 Marrison Place." [https://www.youtube.com/watch?v=t6CuYzEhubs](https://www.youtube.com/watch?v=t6CuYzEhubs), This is IMPD's official YouTube channel. According to the website, the video was initially published on June 28, 2022, and, as of November 7, 2022, the site reports the video has had "6.5 K" views. *Id.*

As of the date of this filing, this compiled version of the body cam videos is still available to the public on Defendants' YouTube channel.

Defendant correctly notes that Plaintiff's counsel has viewed the videos. This is why Plaintiff can assert that the publicly released Critical Incident Video (CIV) is a selective and biased accounting of the body cam videos.

For example, the CIV narration and text says that after about 10 minutes of not responding to the officers, Herman rushed into the kitchen and started throwing items around. The only item Herman threw was when he picked up an empty plastic water pitcher, and was told to put it down, and in response he tossed it into the air. He did not throw anything at anybody. Second, the narration and text say Herman rushed towards an officer, but Herman was simply moving from room to room. Officer Sanchez's body cam clearly shows the officer lying

in wait in the dining room with his taser pointed at the open kitchen door, waiting for Herman to come into the dining room, and then he shot him with the Taser when he did. Herman did not rush anybody.

The CIV narration and text are also revealing for what they leave out. While one can clearly hear on the video Herman calling out four times, "I can't breathe" the narration and included text are silent on this and fail to mention it. While IMPD has publicly stated that its officers are trained to quickly sit restrained individuals up from a prone position to facilitate breathing, the CIV narration and text do not mention this, and fail to note that officers leave the motionless Herman in the prone position with weight on his back for over three minutes until medics arrive.

Obviously, the complete body cam videos would provide more, not less, information on what occurred at the scene where Herman was killed.

Defendants have listed the body cam videos and the photographs taken at the scene in their Initial Disclosures and as Exhibits. Dkt. 34, Defendants' Preliminary Exhibit List, Exhibit 5 ("Footage from body-worn cameras of any IMPD officers at the scene of the incident which is the subject of Plaintiff's Complaint") and Exhibit 6 ("Photographs taken at the scene of the incident which is the subject of Plaintiff's Complaint."). Defendants do not explain why Plaintiff is not entitled to the exhibits Defendants intend to rely upon in this case.

The one case Defendants cite as authority for non-production of the videos is not applicable. In *United States v. Michelle's Lounge*, No. 91 C 5783, 1992 WL 194652, at *5 (N.D.Ill. Aug.6, 1992) a stay of discovery was granted in a civil in rem forfeiture proceeding filed under seal in which the U.S. Government was seeking the seizure of real property allegedly used as part of an ongoing criminal drug dealing enterprise. The civil case grew out of a related

criminal case based upon the same allegations. Both cases involved the use of the same confidential informant, whose identity was sought by the defendants in the civil forfeiture case. The Court quite reasonably stayed discovery based upon the government's interest in preserving the safety and life of the informant. Those circumstances are quite different than here, where the Defendants themselves have publicly disseminated a selective portion of the very information they refuse to produce in discovery.

With respect to the requested extension, Defendants do not suggest that circumstances would be different in thirty days.

With respect to Defense counsel's claim that "they" do not posses these videos and photographs, it is undersigned's understanding that defense counsel has viewed the videos. Whether counsel physically possesses the materials is irrelevant. Their client obviously does.

Defendants have no legitimate basis to deny production of this relevant and discoverable evidence.

Defendants' motion should be denied.

Respectfully submitted,

Dated: November 7, 2022

/s/ Richard A. Waples
Richard A. Waples
Israel Nunez Cruz

Attorneys for the Plaintiff

| | |
|---|---|
| Richard A. Waples | Israel Nunez Cruz, #18319-49 |
| **WAPLES & HANGER** | **CRUZ LAW FIRM** |
| 410 N. Audubon Road | 148 E. Market Street, Suite 501 |
| Indianapolis, Indiana 46219 | Indianapolis, Indiana 46204 |
| TEL: (317) 357-0903 | TEL: (317) 423-9668 |
| FAX: (317) 357-0275 | FAX: (317) 423-9677 |
| EMAIL: rwaples@wapleshanger.com | EMAIL: icruzlawfirm@gmail.com |

CERTIFICATE OF SERVICE

The undersigned certifies that on November 7, 2022, a copy of this document was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Israel Nunez Cruz at icruzlawfirm@gmail.com

Anthony W. Overholt at aoverholt@fbtlaw.com

Amy Stewart Johnson at asjohnson@fbtlaw.com

John F. Kautzman at jfk@rkblegalgroup.com

Andrew R. Duncan at ard@rkblegalgroup.com

Edward J. Merchant at ejm@rkblegalgroup.com

Brandon E. Beeler at Brandon.Beeler@indy.gov

Stephanie V. McGowan at smcgowan@fbtlaw.com

Respectfully submitted,

Dated: November 7, 2022

/s/ Richard A. Waples
Richard A. Waples
Israel Nunez Cruz

Attorneys for the Plaintiff

| | |
|---|---|
| Richard A. Waples<br>**WAPLES & HANGER**<br>410 N. Audubon Road<br>Indianapolis, Indiana 46219<br>TEL: (317) 357-0903<br>FAX: (317) 357-0275<br>EMAIL: rwaples@wapleshanger.com | Israel Nunez Cruz, #18319-49<br>**CRUZ LAW FIRM**<br>148 E. Market Street, Suite 501<br>Indianapolis, Indiana 46204<br>TEL: (317) 423-9668<br>FAX: (317) 423-9677<br>EMAIL: icruzlawfirm@gmail.com |