UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE ESTATE OF<br>HERMAN WHITFIELD, III, | )<br>)<br>) | |
| PLAINTIFF, | )<br>) | NO. 1:22-cv-01246-SEB-MJD |
| v. | )<br>) | |
| THE CITY OF INDIANAPOLIS,<br>STEVEN SANCHEZ,<br>ADAM AHMAD,<br>MATTHEW VIRT,<br>DOMINIQUE CLARK,<br>JORDAN BULL, and<br>NICHOLAS MATHEW, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| DEFENDANTS. | ) | |

**AMENDED COMPLAINT**

**I. Nature of Case**

1. This lawsuit seeks money damages against the City of Indianapolis and several of its police officers whose excessive force caused the death of a man undergoing a mental health crisis.

**II. Jurisdiction and Venue**

2. This action is brought pursuant to 42 U.S.C. § 1983 and is premised on violations of the fourth amendment to the United States Constitution.

3. This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. §§1331 and 1343.

4. The Court has supplemental jurisdiction of the state law claim against Defendant City of Indianapolis pursuant to 42 U.S.C. §1367.

4. Venue is proper in this Court and Division, pursuant to 28 U.S.C. §1391, because the events giving rise to this action occurred in, and the defendants are residents of, Indianapolis, Indiana, which is in the Indianapolis Division of the Southern District of Indiana.

### III.  Parties

5. Plaintiff the Estate of Herman Whitfield is a legal entity established pursuant to Indiana law and opened in the Marion Superior Court, Probate Division, in order to pursue the legal rights asserted in this case.

6. Defendant City of Indianapolis is located in Marion County, Indiana, and is a political subdivision of the State of Indiana. This municipal defendant is sued on plaintiff's federal claim and on plaintiff's state claim only for compensatory, not punitive, damages.

7. Defendants Steven Sanchez, Adam Ahmad, Matthew Virt, Dominique Clark, Jordan Bull, and Nicholas Mathew are adults and for all times relevant were employed as law enforcement officers by the City of Indianapolis. These defendants are sued only on plaintiff's federal claim and for both compensatory and punitive damages.

### IV.  Facts

8. On April 25, 2022, Herman Whitfield III was at home undergoing a mental health crisis.

9. Mr. Whitfield's parents telephoned 911 and asked for an ambulance to come to assist them in obtaining mental health care for their son.

10. Indianapolis police officers Steven Sanchez, Adam Ahmad, Matthew Virt, Dominique Clark, Jordan Bull, and Nicholas Mathew responded to the call.

11. The officers came into the house and spoke to Mr. Whitfield, but he did not appear to respond to them and at various times sat on his bed looking down and walked around the first floor of the house.

12. Approximately ten minutes after they arrived, the officers decided to use force to detain Mr. Whitfield.

13. Officer Sanchez discharged his taser twice on Mr. Whitfield.

14. Several of the officers grabbed Mr. Whitfield and got on top of him on the floor.

15. The officers handcuffed Mr. Whitfield behind his back while he was on his stomach on the floor.

16. Rather than sit Mr. Whitfield up, the officers left him lying on his stomach.

17. Mr. Whitfield gasped for breath and said repeatedly, "I can't breathe."

18. One of the Officers asked the others if they should get Mr. Whitfield up from his prone position, to which one of the other officers said no.

19. Mr. Whitfield stopped breathing.

20. Ambulance personnel came into the house, and performed CPR on Mr. Whitfield, but he was unresponsive.

21. Mr. Whitfield died because of the force used against him.

22. The Marion County Coroner ruled that Mr. Whitfield's death was a homicide.

23. The force used against Mr. Whitfield was unreasonable and excessive.

24. Mr. Whitfield needed professional mental health care, not the use of excessive force.

25. The force used by the individual officers was pursuant to the policy and practice of the City of Indianapolis.

26. The City of Indianapolis has a mental health response unit in its police department trained to handle situations like that experienced by the Whitfields, but pursuant to the City's policy and practice, the unit is only available during some of the hours of the day and not in the early morning hours when it was needed by the Whitfields and other families and individuals undergoing mental health crises.

27. Pursuant to the City of Indianapolis's policy and practice, the individual defendant officers did not have the same training and policies and procedures utilized by the City's mental health response unit.

28. The City's above policies and practices were a responsible cause of how the individual defendant officers interacted with Mr. Whitfield and the fatal result that occurred.

29. At all times relevant to this suit, the defendant officers were employed by the City of Indianapolis and acted within the course and scope of their employment as officers of the Indianapolis Metropolitan Police Department.

30. At all times relevant to this suit, the officers acted under color of state law.

## V. Claims

31. The actions of the defendants constituted an unreasonable seizure of Mr. Whitfield by the use of excessive force, in violation of the fourth amendment to the United States, actionable pursuant to 42 U.S.C. §1983.

32. The actions of the defendants constituted a battery in contravention of Indiana common law to which the City of Indianapolis is answerable under the Indiana Tort Claims Act, Ind. Code 34-13-3 *et seq*.

33. The actions of the defendants constituted negligence in contravention of Indiana common law to which the City of Indianapolis is answerable under the Indiana Tort Claims Act, Ind. Code 34-13-3 *et seq*.

34. Defendant City of Indianapolis is legally responsible under Indiana state law for its own actions, and, under the doctrine of *respondeat superior*, for the actions of its employees, including the actions of the officers for their actions in dealing with Mr. Whitfield.

35. The Estate reserves the right to assert all legal theories of relief which the facts support pursuant to the pleading requirements of Fed. R. Civ. Pro. 8.

## VI. Jury Trial Requested

36. The Estate requests a jury trial on all claims.

## VII. Relief Requested

37. The Estate seeks all relief available under the law, including compensatory and punitive damages, attorney fees and costs, and all other appropriate relief.

Respectfully submitted,

Dated: November 3, 2022

*/s/ Richard A. Waples*
Richard A. Waples
Israel Nunez Cruz

Attorneys for the Plaintiff

| | |
|---|---|
| Richard A. Waples<br>**WAPLES & HANGER**<br>410 N. Audubon Road<br>Indianapolis, Indiana 46219<br>TEL: (317) 357-0903<br>FAX: (317) 357-0275<br>EMAIL: rwaples@wapleshanger.com | Israel Nunez Cruz, #18319-49<br>**CRUZ LAW FIRM**<br>148 E. Market Street, Suite 501<br>Indianapolis, Indiana 46204<br>TEL: (317) 423-9668<br>FAX: (317) 423-9677<br>EMAIL: icruzlawfirm@gmail.com |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 3, 2022, a copy of this document was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Israel Nunez Cruz at icruzlawfirm@gmail.com

Anthony W. Overholt at aoverholt@fbtlaw.com

Amy Stewart Johnson at asjohnson@fbtlaw.com

John F. Kautzman at jfk@rkblegalgroup.com

Andrew R. Duncan at ard@rkblegalgroup.com

Edward J. Merchant at ejm@rkblegalgroup.com

Brandon E. Beeler at Brandon.Beeler@indy.gov

Stephanie V. McGowan at smcgowan@fbtlaw.com

                                            Respectfully submitted,

Dated: November 3, 2022

                                            */s/ Richard A. Waples*
                                            Richard A. Waples
                                            Israel Nunez Cruz

                                            Attorneys for the Plaintiff

| | |
|---|---|
| Richard A. Waples | Israel Nunez Cruz, #18319-49 |
| **WAPLES & HANGER** | **CRUZ LAW FIRM** |
| 410 N. Audubon Road | 148 E. Market Street, Suite 501 |
| Indianapolis, Indiana 46219 | Indianapolis, Indiana 46204 |
| TEL: (317) 357-0903 | TEL: (317) 423-9668 |
| FAX: (317) 357-0275 | FAX: (317) 423-9677 |
| EMAIL: rwaples@wapleshanger.com | EMAIL: icruzlawfirm@gmail.com |