# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESTATE OF HERMAN WHITFIELD, III, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 1:22-cv-01246 SEB-MJD<br>) |
| THE CITY OF INDIANAPOLIS, STEVEN SANCHEZ, ADAM AHMAD, MATTHEW VIRT, DOMINIQUE CLARK, JORDAN BULL, and NICHOLAS MATHEW, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants the City of Indianapolis, Steven Sanchez, Adam Ahmad, Matthew Virt, Dominque Clark, Jordan Bull, and Nicholas Mathew (collectively, "Defendants"), by counsel, file their Reply in Support of Motion for Extension of Time to Respond to Plaintiff's First Request for Production of Documents ("Motion for Extension of Time") and state as follows:

1.  This Court should grant the Defendants' Motion for Extension of Time because the production of the full, unedited version of the officers' body camera footage could irrevocably taint any grand jury proceeding into Whitfield's death should it somehow be released to the public. Here, Defendants are not refusing to produce the video but are merely asking for a twenty-eight (28) day extension of time to allow a decision as to whether a grand jury will convene.

2. As Defendants noted in their motion for extension, a grand jury subpoena was issued. [Filing No. 33, ¶ 5]. However, the case, Cause No. 49D18-2210-MC-028277, is sealed.

3. In its response to Defendants' motion, Plaintiff appears to argue that (1) because the City of Indianapolis already released an edited version of the body camera video, the Defendants have somehow waived the ability to refuse to produce the full, edited footage; and (2) because the Defendants have listed the body camera footage in their FED. R. CIV. P. 26(a)(1) Initial Disclosures and Preliminary Exhibit List, then they intend to rely on documents that they are refusing to produce to the Plaintiff. Both arguments lack merit.

4. Plaintiff's first argument actually supports Defendants' position. Plaintiff states that Defendants have provided an edited version of the body camera footage to the public, but then proceeds to elaborate, in detail, Plaintiff's recollection of what is missing from the footage. This supports Defendants' position that release of the body camera footage could harm a future grand jury proceeding should it be somehow released to the public. That is, according to Plaintiff, much of the footage is missing and the edited version is of limited value and use to the Plaintiff. By extension, the edited version's release to the public is of limited value as it relates to potential grand jury proceedings, and releasing it presented very little risk of harm. In contrast, release of the full video is much more likely to harm those proceedings should they occur, and that fact supports the decision not to produce the material at this time.

5. As to Plaintiff's second argument, Defendants are not refusing to produce the body camera footage. Rather, Defendants are requesting more time to respond to Plaintiff's discovery request in order to allow a decision to be made about submission to a grand jury.

6. As previously noted, and as represented to this Court during the Initial Pretrial Conference, Defendants' counsel does not possess the body camera footage and, similar to

Plaintiff's counsel, could only view the footage in-person at the City-County Building. Counsel for both parties are in the same position: neither has possession of the body camera footage. Thus, Defendants' counsel does not have any advantage over Plaintiff's counsel related to the video.

7.     Defendants' position is supported by decisions from this Court and other district courts. This Court has granted limited stays in discovery in civil proceedings when there is an ongoing criminal proceeding in the same matter when the "interests of justice" require such action. *See, e.g., Jones v. City of Indianapolis*, 216 F.R.D. 440, 451-52 (S.D. Ind. 2003) (granting a limited stay in discovery in light of an ongoing Department of Justice investigation and federal grand jury proceedings in an in-custody death case); *Estate of Limon v. City of Oxnard*, No. CV 13-019661 SS, 2013 WL 12131359, at *3-6 (C.D. Cal. Dec. 10, 2013) (granting a partial stay in discovery in light of a district attorney's investigation into a police action shooting); *Chagolla v. City of Chi.*, 529 F.Supp.2d 941, 948 (N.D. Ill. 2008) (granting a limited stay in Section 1983 action in light of ongoing federal and state criminal proceedings against Chicago police officers); *Ruszczyk as Tr. for Ruszczyk v. Noor*, 349 F.Supp.3d 754, 764-767 (D. Minn. 2018) (granting defendants' request for a stay in light of pending state criminal charges against one of the officers in a police action shooting). Here, Defendants are not seeking a stay at this time, but rather a more limited request of an extension of time to respond to one discovery request in light of the ongoing reviews of this case by other agencies.

8.     Should the full, edited footage be provided to others, including the parties' counsel, there is a risk that it could somehow to be released to the public. Indeed, Plaintiff has been vocal about his desire that the footage be released to the public. *See* "Family holds memorial on Herman Whitfield III's 40th birthday," WRTV, https://www.wrtv.com/news/local-

news/indianapolis/family-holds-memorial-on-herman-whitfield-iiis-40th-birthday (last visited Nov. 9, 2022); "Family, friends, community remember life of Herman Whitfield III," WTHR, https://www.wthr.com/article/news/local/family-friends-community-remember-life-of-herman-whitfield-iii-died-impd-custody-indianapolis-indiana/531-dd457f9c-29a2-49a0-a0e2-5aec511cada0 (last visited Nov. 9, 2022). And, the more individuals who have unfettered access to the footage, the greater the opportunity for the footage to be made public. Once the footage is made public there is no way to undo such an action, nor the impact that it could have on any grand jury proceedings. *See Jones*, 216 F.R.D. at 452 ("The public also has an important interest in a potential, untainted criminal prosecution that could arise from the [decedent's] death.").

WHEREFORE, Defendants the City of Indianapolis, Steven Sanchez, Adam Ahmad, Matthew Virt, Dominque Clark, Jordan Bull, and Nicholas Mathew respectfully request that the Court permit them an additional twenty-eight (28) days to respond to Plaintiff's First Request for Production of Documents, and for all other just and proper relief.

        FROST BROWN TODD LLC

        By: */s /Anthony W. Overholt*
            Anthony W. Overholt, #16481-49
            Amy Stewart Johnson, #16257-49
            Stephanie V. McGowan, #30759-49

        *Attorney for Defendants*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 14th day of November, 2022, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Israel Nunez Cruz<br>Cruz Law Firm<br>148 E. Market Street, Suite 900<br>Indianapolis, IN  46204 | Richard A. Waples<br>Waples & Hanger<br>410 N. Audubon Road<br>Indianapolis, IN  46219 |
| Brandon E. Beeler<br>Deputy Chief Litigation Counsel<br>Office of Corporation Counsel<br>City of Indianapolis<br>200 E. Washington Street, Suite 1601<br>Indianapolis, IN  46204 | John F. Kautzman<br>Andrew R. Duncan<br>Edward J. Merchant<br>RUCKELSHAUS, KAUTZMAN,<br>BLACKWELL, BEMIS, DUNCAN &<br>MERCHANT, LLP<br>135 N. Pennsylvania St., Suite 1600<br>Indianapolis, IN 46204 |

                / s /Anthony W. Overholt

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
aoverholt@fbtlaw.com
asjohnson@fbtlaw.com
smcgowan@fbtlaw.com

LR02314.0754710  4893-0148-9214v1