**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

THE ESTATE OF HERMAN WHITFIELD, III,

Plaintiff,

v.

THE CITY OF INDIANAPOLIS, STEVEN SANCHEZ, ADAM AHMAD, MATTHEW VIRT, DOMINIQUE CLARK, JORDAN BULL, and NICHOLAS MATHEW,

Defendants.

CASE NO. 1:22-cv-01246 SEB-MJD

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, The City of Indianapolis, Steven Sanchez, Adam Ahmad, Matthew Virt, Dominique Clark, Jordan Bull and Nicholas Mathew, by counsel, respond to Plaintiff's Amended Complaint, as follows:

## I. Nature of Case

1. This lawsuit seeks money damages against the City of Indianapolis and several of its police officers whose excessive force caused the death of a man undergoing a mental health crisis.

**ANSWER**: Defendants admit this lawsuit seeks money damages against the City of Indianapolis and several of its police officers. Defendants deny the remaining allegations in paragraph 1.

## II. Jurisdiction and Venue

2. This action is brought pursuant to 42 U.S.C. § 1983 and is premised on violations of the fourth amendment to the United States Constitution.

**ANSWER**: Defendants admit Plaintiff filed this action but deny Plaintiff is entitled to relief for the claims brought in this lawsuit.

3. This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. §§1331 and 1343.

**ANSWER**: Defendants admit the allegation in paragraph 3.

4. The Court has supplemental jurisdiction of the state law claim against Defendant City of Indianapolis pursuant to 42 U.S.C. §1367.

**ANSWER**: Defendants admit the allegation in paragraph 4.

4. [sic] Venue is proper in this Court and Division, pursuant to 28 U.S.C. §1391, because the events giving rise to this action occurred in, and the defendants are residents of, Indianapolis, Indiana, which is in the Indianapolis Division of the Southern District of Indiana.

**ANSWER**: Defendants admit venue is proper and that certain of the defendants are residents of Indianapolis, Indiana, which is in the Indianapolis Division of the Southern District of Indiana, as alleged in the second paragraph numbered 4 of Plaintiff's Amended Complaint.

## III. Parties

5. Plaintiff the Estate of Herman Whitfield is a legal entity established pursuant to Indiana law and opened in the Marion Superior Court, Probate Division, in order to pursue the legal rights asserted in this case.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. Defendant City of Indianapolis is located in Marion County, Indiana, and is a political subdivision of the State of Indiana. This municipal defendant is sued on plaintiff's federal claim and on plaintiff's state claim only for compensatory, not punitive, damages.

**ANSWER**: Defendants admit the allegations in the first sentence of paragraph 6. The second sentence of paragraph 6 contains a legal averment; thus, no response is necessary. Defendants deny that Plaintiff is entitled to relief for its claims in this lawsuit.

7. Defendants Steven Sanchez, Adam Ahmad, Matthew Virt, Dominique Clark, Jordan Bull, and Nicholas Mathew are adults and for all times relevant were employed as law enforcement officers by the City of Indianapolis. These defendants are sued only on plaintiff's federal claim and for both compensatory and punitive damages.

**ANSWER**: Defendants admit the allegations in the first sentence of paragraph 7. The second sentence of paragraph 7 contains a legal averment; thus, no response is necessary. Defendants deny that Plaintiff is entitled to relief for its claims in this lawsuit.

## IV. Facts

8. On April 25, 2022, Herman Whitfield III was at home undergoing a mental health crisis.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9. Mr. Whitfield's parents telephoned 911 and asked for an ambulance to come to assist them in obtaining mental health care for their son.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

10. Indianapolis police officers Steven Sanchez, Adam Ahmad, Matthew Virt, Dominique Clark, Jordan Bull, and Nicholas Mathew responded to the call.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11. The officers came into the house and spoke to Mr. Whitfield, but he did not appear to respond to them and at various times sat on his bed looking down and walked around the first floor of the house.

**ANSWER**: Defendants admit they entered the house. They lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11.

12. Approximately ten minutes after they arrived, the officers decided to use force to detain Mr. Whitfield.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. Officer Sanchez discharged his taser twice on Mr. Whitfield.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14. Several of the officers grabbed Mr. Whitfield and got on top of him on the floor.

**ANSWER**: Defendants admit that several officers touched Mr. Whitfield while he was on the floor. Defendants deny the remaining allegations in paragraph 14.

15. The officers handcuffed Mr. Whitfield behind his back while he was on his stomach on the floor.

**ANSWER**: Defendants admit that the officers handcuffed Mr. Whitfield behind his back while he was on the floor. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15.

16. Rather than sit Mr. Whitfield up, the officers left him lying on his stomach.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17. Mr. Whitfield gasped for breath and said repeatedly, "I can't breathe."

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18. One of the Officers asked the others if they should get Mr. Whitfield up from his prone position, to which one of the other officers said no.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19. Mr. Whitfield stopped breathing.

**ANSWER**: Defendants admit that at some point on April 24, 2022, Mr. Whitfield stopped breathing.

20. Ambulance personnel came into the house, and performed CPR on Mr. Whitfield, but he was unresponsive.

**ANSWER**: Defendants admit that "ambulance personnel" came into the house. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20.

21. Mr. Whitfield died because of the force used against him.

**ANSWER**: Defendants deny the allegations contained in paragraph 21.

22. The Marion County Coroner ruled that Mr. Whitfield's death was a homicide.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23. The force used against Mr. Whitfield was unreasonable and excessive.

**ANSWER**: Defendants deny the allegations in paragraph 23.

24. Mr. Whitfield needed professional mental health care, not the use of excessive force.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

25. The force used by the individual officers was pursuant to the policy and practice of the City of Indianapolis.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26. The City of Indianapolis has a mental health response unit in its police department trained to handle situations like that experienced by the Whitfields, but pursuant to the City's policy and practice, the unit is only available during some of the hours of the day and not in the early morning hours when it was needed by the Whitfields and other families and individuals undergoing mental health crises.

**ANSWER**: Defendants admit that the City of Indianapolis has a behavioral health unit. Defendants deny the remaining allegations in paragraph 26.

27. Pursuant to the City of Indianapolis's policy and practice, the individual defendant officers did not have the same training and policies and procedures utilized by the City's mental health response unit.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28. The City's above policies and practices were a responsible cause of how the individual defendant officers interacted with Mr. Whitfield and the fatal result that occurred.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29. At all times relevant to this suit, the defendant officers were employed by the City of Indianapolis and acted within the course and scope of their employment as officers of the Indianapolis Metropolitan Police Department.

**ANSWER**: Defendants admit that the named officers were employed by the City of Indianapolis.

30. At all times relevant to this suit, the officers acted under color of state law.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

## V. Claims

31. The actions of the defendants constituted an unreasonable seizure of Mr. Whitfield by the use of excessive force, in violation of the fourth amendment to the United States, actionable pursuant to 42 U.S.C.§1983.

**ANSWER**: Defendants deny the allegations in paragraph 31.

32. The actions of the defendants constituted a battery in contravention of Indiana common law to which the City of Indianapolis is answerable under the Indiana Tort Claims Act, Ind. Code 34-13-3 *et seq*.

**ANSWER**: Defendants deny the allegations in paragraph 32.

33. The actions of the defendants constituted negligence in contravention of Indiana common law to which the City of Indianapolis is answerable under the Indiana Tort Claims Act, Ind. Code 34-13-3 *et seq*.

**ANSWER**: Defendants deny the allegations in paragraph 33.

34. Defendant City of Indianapolis is legally responsible under Indiana state law for its own actions, and, under the doctrine of respondeat superior, for the actions of its employees, including the actions of the officers for their actions in dealing with Mr. Whitfield.

**ANSWER**: Paragraph 34 contains a legal averment to which no response is necessary. To the extent a response is necessary, the City of Indianapolis admits it is responsible under Indiana state law for its own actions.

35. The Estate reserves the right to assert all legal theories of relief which the facts support pursuant to the pleading requirements of Fed. R. Civ. Pro. 8.

**ANSWER**: Paragraph 35 contains a legal averment to which no response is necessary.

## VI. Jury Trial Requested

36. The Estate requests a jury trial on all claims.

**ANSWER**: Defendants request a jury trial.

## VII. Relief Requested

37. The Estate seeks all relief available under the law, including compensatory and punitive damages, attorney fees and costs, and all other appropriate relief.

**ANSWER**: Paragraph 37 contains legal averments to which no response is necessary. Defendants seek judgment in their favor and against the Plaintiff, and all other appropriate relief.

FROST BROWN TODD LLC

By: */ s / Anthony W. Overholt*
Anthony W. Overholt, #16481-49
Amy Stewart Johnson, #16257-49
Stephanie V. McGowan, #30759-49

*Attorney for Defendants*

**AFFIRMATIVE DEFENSES**

Defendants, The City of Indianapolis, Steven Sanchez, Adam Ahmad, Matthew Virt, Dominique Clark, Jordan Bull and Nicholas Mathew, by counsel, assert the following affirmative defenses:

1. Defendants deny the allegations in Plaintiff's Complaint that are not specifically admitted.

2. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

3. To the extent that Plaintiff has received or does receive payments for the alleged injuries and damages, any such payments constitute satisfaction and must be set-off against any recoveries made in this litigation.

4. The Plaintiff's alleged injuries or damages, if any, may have been proximately caused by pre-existing injuries or conditions.

5. Defendants are entitled to any statutory and common law immunity applicable to Plaintiff's claims under federal and state law, including qualified immunity and law enforcement immunity.

6. Plaintiff's claims under *Monell*, if any, are barred to the extent he has failed to properly state a claim.

7. Defendants are not liable for damages that were caused by third parties.

8. Defendants' alleged acts or failures to act were not the cause or proximate cause of Plaintiff's alleged damages.

9. Defendants acted in good faith at all times and had reasonable grounds for believing that their actions did not violate any applicable laws.

10. To the extent that Plaintiff's claims are barred by the statute of limitations, doctrine of laches, waiver, estoppel, justification, fraud, and/or Plaintiff's own actions, inactions, or omissions, such doctrines are pled as defenses to Plaintiff's action.

11. Indiana Code § 34-51-4-4 bars any claim for prejudgment interest.

12. The Indiana Tort Claims Act limits the amount of Plaintiff's recovery, if any.

13. Defendants reserve the right to assert additional affirmative defenses as discovery continues.

FROST BROWN TODD LLC

By: */ s / Anthony W. Overholt*
Anthony W. Overholt, #16481-49
Amy Stewart Johnson, #16257-49
Stephanie V. McGowan, #30759-49

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of November, 2022, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Israel Nunez Cruz
Cruz Law Firm
148 E. Market Street, Suite 900
Indianapolis, IN 46204

Brandon E. Beeler
Deputy Chief Litigation Counsel
Office of Corporation Counsel
City of Indianapolis
200 E. Washington Street, Suite 1601
Indianapolis, IN 46204

Richard A. Waples
Waples & Hanger
410 N. Audubon Road
Indianapolis, IN 46219

John F. Kautzman
Andrew R. Duncan
Edward J. Merchant
RUCKELSHAUS, KAUTZMAN, BLACKWELL, BEMIS, DUNCAN & MERCHANT, LLP
135 N. Pennsylvania St., Suite 1600
Indianapolis, IN 46204

*/ s / Anthony W. Overholt*

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
aoverholt@fbtlaw.com
asjohnson@fbtlaw.com
smcgowan@fbtlaw.com

LR02314.0754710 4891-2440-0191v2