UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESTATE OF HERMAN WHITFIELD, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01246-SEB-MJD |
| ) | |
| THE CITY OF INDIANAPOLIS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION FOR TEMPORARY LIMITED STAY OF DISCOVERY**

This matter is before the Court on Defendants' Motion for a Temporary Limited Stay of Discovery. [Dkt. 44.] The Court, being duly advised, **DENIES** the motion for the reasons set forth below.

**I. Background**

This case arises out of the death of Herman Whitfield III, which occurred while the Defendant police officers were taking him into custody on April 25, 2022. Plaintiff asserts a Fourth Amendment excessive force claim and state law claims of battery and negligence.

The events leading to Mr. Whitfield's death were captured, in whole or in part, on body camera videos. Both Plaintiff's counsel and defense counsel have viewed the video footage, but neither are in possession of it; it remains in the possession of the Indianapolis Metropolitan Police Department ("IMPD"). On October 7, 2022, Plaintiff served a document request on Defendant The City of Indianapolis ("the City") seeking, not surprisingly, "[a] copy of any and all video or photographs relating to the Incident, including the complete officer body cam videos." [Dkt. 44-1 at 4.] Defendants filed a motion for extension of time, to December 5, 2022, to respond to the document request, based on an ongoing criminal investigation into the

circumstance of Mr. Whitfield's death.  [Dkt. 33.]  Following a hearing on that motion, the Court ordered Defendants to respond to the request by November 28, 2022, or, if Defendants filed a motion to stay discovery, which was their stated intention, by three business days following the Court's ruling on the motion to stay and/or the lifting of any stay that was entered.  [Dkt. 42.]  Defendants then filed the instant motion.

## II. Discussion

Defendants seek to stay their obligation to respond to the outstanding document request seeking the body camera footage and to stay all discovery directed to the individual Defendants "pending a decision as to whether a grand jury will convene" with regard to the events leading to Mr. Whitfield's death.  [Dkt. 44 at 1.]   It is clear that a criminal investigation into the incident is underway, inasmuch as a grand jury subpoena has been served on the IMPD.  [Dkt. 44-2.]  Plaintiff opposes the stay.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.,* 299 U.S. 248, 254 (1936).  "While the Court has the inherent power to stay its proceedings, the Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings."  *Jones v. City of Indianapolis*, 216 F.R.D. 440, 450 (S.D. Ind. 2003) (citing *Benevolence Intern. Foundation, Inc. v. Ashcroft,* 200 F.Supp.2d 935, 938 (N.D. Ill. 2002) (in turn citing *SEC v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980))).   In cases in which a party to a civil case is subject to criminal charges, the question is "whether the court should exercise its discretion in order to avoid placing the [criminal] defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal cases by

waiving their Fifth Amendment rights and testifying in the civil proceedings." *Cruz v. County of Dupage,* 1997 WL 370194, *1 (N.D. Ill. June 27, 1997).

> The decision to stay a case requires an examination of the specific circumstances, taking into account the competing interests involved. One court has observed that the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. Some of the factors that a court should consider and balance in determining whether to grant a stay include:
>
>> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (internal citations and quotation marks omitted).

### A. Pending Document Request

As noted above, and as Defendants recognize in their brief, the basis for considering whether to stay discovery in light of a related actual or potential criminal prosecution is "'to avoid placing the defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings.'" [Dkt. 44 at 3] (quoting *Jones*, 216 F.R.D. at 450). As Plaintiff correctly points out, seeking discovery from the City does not implicate the Fifth Amendment rights of the Individual Defendants. [Dkt. 46 at 2-3] (citing *Braswell v. United States*, 487 U.S. 99, 111-12 (1988) ("[T]he custodian of corporate records may not interpose a Fifth Amendment objection to the compelled production of corporate records, even though the act of production may prove personally incriminating.");

*Hewitt Assocs. LLC v. Zerba*, 1996 WL 734716 at *2 (N.D. Ill. Dec. 19, 1996) ("This court can compel a party to produce voluntarily compiled corporate records because the content of such records and the act of producing such records do not implicate the Fifth Amendment."); *Nowaczyk v. Matingas*, 146 F.R.D. 169, 175 (N.D. Ill. 1993) (denying motion to stay discovery based upon pending criminal investigation, because, *inter alia*, "corporations do not possess the Fifth Amendment privilege against self-incrimination and the privilege does not extend to employees")); *cf. In re Grand Jury Proceeding*, 971 F.3d 40, 55 (2d Cir. 2020) ("It is well understood . . . that an individual may not assert a Fifth Amendment privilege on behalf of a collective entity–*i.e.*, any organization which is recognized as an independent entity apart from its individual members, such as a corporation or partnership. This "collective entity" exception applies to any testimonial privilege under the Fifth Amendment, including the act-of-production privilege.") (internal quotation marks and citations omitted).

      Defendants respond to this argument by noting that "while Plaintiff's request for the body camera footage may only be directed to the municipal Defendant, it is clearly relevant to both Plaintiff's federal and state law claims as those federal claims are asserted against the individual Defendants as well" and that "while the City of Indianapolis may not have Fifth Amendment rights, the individual Defendants do. And, those individual Defendants' Fifth Amendment rights must be protected." [Dkt. 47 at 2-3.] This, of course, ignores the fact that the Fifth Amendment protects against **self-incrimination**; that is, it "guarantees that no individual 'shall be compelled in any criminal case to be a witness **against himself**.'" *In re Grand Jury Proceeding*, 971 F.3d at 55 (quoting U.S. Const. amend. V) (emphasis added). The Individual Defendants' Fifth Amendment rights are not implicated by allowing discovery of evidence from another source, even if that evidence might incriminate them.

Of course, the Court would nonetheless have the authority to delay the City's obligation to respond to the document request. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) ("[A] district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'" consistent with the "fair administration of justice."). The Court, in its discretion, declines to do so. Defendants argue that releasing the body camera footage could lead to it being made public, and "then the integrity of the Marion County Prosecutor's Office's investigation into Whitfield's death could be at risk as well as the tainting of the potential jury pool should a grand jury be convened." [Dkt. 44 at 5.] This argument wholly ignores the fact that the City already has released to the public an edited version of the body camera footage.[1] To the extent that the public availability of the footage could affect the integrity of a criminal investigation and/or taint the jury pool, those issues have already been triggered by the publishing of the edited version. It appears that Defendants' actual concern is that the public reaction to the complete footage could adversely affect the investigation and/or the jury pool in ways that the edited footage has not. *See* [Dkt. 44 at 7] ("If released, the public response to the footage is unknown."). The Court does not find this possibility to be a sufficient reason to delay production of the footage to Plaintiff. Nor have Defendants satisfied their burden

---

[1] Defendants state in their brief that "the footage will not be turned over by IMPD until a decision is reached on whether a grand jury will convene or a court order. This position is in accord with the Marion County Prosecutor's Office's default position. That is, the Marion County Prosecutor's Office's default position is to keep potential evidence in investigations and pending cases out of public view to preserve the integrity of the investigation and/or to avoid tainting the pool of jurors." [Dkt. 44 at 6.] It is undisputed, however, that the City has already released the footage to the public, albeit in an edited version. Defendants note that this was done by the City without the consent of the Individual Defendants, but that does not change the fact that it was done.

5

of demonstrating that an attorney-eyes only protective order with regard to the footage is justified in this case. *See* [Dkt. 44 at 9-10] (making brief alternative argument for protective order if stay is denied).

Plaintiff is entitled to the documents it seeks in its document request: "[a] copy of any and all video or photographs relating to the Incident, including the complete officer body cam videos." [Dkt. 44-1 at 4.] Defendants have not demonstrated that delaying the production of the complete body camera videos is necessary for the fair administration of justice or otherwise appropriate. Accordingly, the motion to stay is **DENIED** with regard to Plaintiff's outstanding document request.

### B. Discovery from the Individual Defendants

With regard to Defendants' request for a stay of discovery from the Individual Defendants, the Court finds that request to be premature, inasmuch as the Court is aware of no pending discovery requests directed to the Individual Defendants. To the extent that such discovery requests would implicate the Fifth Amendment rights of an Individual Defendant,[2] any prejudice would result from the Defendant being required to respond to the requests, not from the mere serving of the requests.[3] Accordingly, the Defendants' motion to stay is **DENIED**

---

[2] Plaintiff argues that the Individual Defendants' Fifth Amendment rights are not implicated, and therefore no stay is warranted, unless and until an indictment occurs. *See* [Dkt. 46 at 4-5] (citing various cases). The Court disagrees. The Fifth Amendment right against self-incrimination is not dependent on whether one has been indicted; it clearly protects against the providing of incriminating information that could lead to an indictment.

[3] Prejudice would result if an Individual Defendant were advised by his criminal counsel not to provide substantive answers to some or all of Plaintiff's discovery requests (or deposition questions), which could result in an adverse inference against him in this case. *See Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 603 (7th Cir. 2019) ("When a defendant in a civil case invokes the Fifth Amendment, juries are permitted, but not required, to draw a negative inference against the defendant.").

6

as premature as to discovery directed to the Individual Defendants. That motion may be reasserted if discovery is sought from the Individual Defendants while they are still under the threat of criminal prosecution. The brief in support of the reasserted motion shall specifically address the status of that threat and shall also explain the propriety of Defendants' request that a stay be entered "pending a decision as to whether a grand jury will convene," in light of the fact that, as far as the Court knows, there is no obligation on the part of the prosecutor to announce a decision **not** to convene a grand jury and, therefore, the stay as requested could be indefinite.

### III. Conclusion

For the reasons set forth above, Defendants' Motion for a Temporary Limited Stay of Discovery, [Dkt. 44], is **DENIED**. The City shall produce the complete body camera footage, as well as any other documents responsive to Plaintiff's document request, by **January 3, 2023**.

SO ORDERED.

Dated: 27 DEC 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.