UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESTATE OF HERMAN WHITFIELD, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-01246-SEB-MJD |
| | ) |
| THE CITY OF INDIANAPOLIS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO STAY PROCEEDINGS**

This matter is before the Court on the Motion for Stay of Proceedings filed by Defendants Steven Sanchez and Adam Ahmad. [Dkt. 67.] For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. Background**

This case arises out of the death of Herman Whitfield III, which occurred while the six Defendant police officers were taking him into custody on April 25, 2022. Plaintiff asserts a Fourth Amendment excessive force claim and state law claims of battery and negligence.

Two of the Defendant officers, Sanchez and Ahmad, recently were indicted and charged with several felonies, including involuntary manslaughter and reckless homicide. No indictments were issued as to the other Defendant officers.[1] The criminal cases against Sanchez and Ahmad are proceeding in state court in Marion County, Indiana.

---

[1] The Court notes that, in the instant motion, Defendants Sanchez and Ahmad point out that after the Court denied Defendants' motion to stay the release of the body camera footage from the

## II. Discussion

Defendants Sanchez and Ahmad seek to stay this case in its entirety until after the resolution of their criminal cases. Plaintiff opposes the stay.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). "While the Court has the inherent power to stay its proceedings, the Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings." *Jones v. City of Indianapolis,* 216 F.R.D. 440, 450 (S.D. Ind. 2003) (citing *Benevolence Intern. Foundation, Inc. v. Ashcroft,* 200 F.Supp.2d 935, 938 (N.D. Ill. 2002) (in turn citing *SEC v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980))). In cases in which a party to a civil case is subject to criminal charges, the Court determines "whether the court should exercise its discretion in order to avoid placing the [criminal] defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal

---

incident at issue in this case, the family of Mr. Whitfield "released the video to various media sources, resulting in extensive publicity," and that they also "held a well-publicized press conference where they asked for, among other things, that the Defendants be charged criminally and that a Department of Justice investigation be initiated into the incident." [Dkt. 67 at 2.] Defendants also note that the press conference took place just two days before the indictments were issued. It is unclear whether Defendants are suggesting that the Court's order permitting the release of the body camera footage somehow caused or contributed to the indictments. The Court notes that a critical factor in its decision to permit the release the body camera footage is that the IMPD had already has released to the public an edited version of the body camera footage and that "[t]o the extent that the public availability of the footage could affect the integrity of a criminal investigation and/or taint the jury pool, those issues ha[d] already been triggered by the publishing of the edited version." [Dkt. 49 at 5.]

cases by waiving their Fifth Amendment rights and testifying in the civil proceedings." *Cruz v. County of Dupage,* 1997 WL 370194, *1 (N.D. Ill. 1997).

> The decision to stay a case requires an examination of the specific circumstances, taking into account the competing interests involved. One court has observed that the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. Some of the factors that a court should consider and balance in determining whether to grant a stay include:
>
>> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (internal citations and quotation marks omitted).

As explained below, the Court finds that the balance of the relevant factors in this case weighs in favor of granting the requested stay only as to any written discovery to be served on Defendants Sanchez and Ahmad and/or the depositions of Defendants Sanchez and Ahmad. However, the Court does not find a stay of all other discovery to be appropriate.

The first factor relevant to whether a stay with regard to Defendants Sanchez and Ahmad is appropriate is the extent to which the issues in the criminal proceedings overlap with those presented in the civil case. That factor weighs in favor of a stay, as the issues are essentially identical. The second factor—the status of the criminal case, including whether the defendants have been indicted—also weighs in favor a stay, given the indictments. The private interests of and burden on Defendants Sanchez and Ahmad weigh heavily in favor of a stay as to them, as denying a stay will directly implicate their Fifth Amendment rights. The Court, of course, has an

3

interest in resolving cases expeditiously; however, the Court notes that if Defendants Sanchez and Ahmad are eventually convicted, that may resolve substantial issues in this case. At this point in time, then, that factor is neutral. Finally, the Court also finds the public interest to be a neutral factor in this case. The public has a strong interest both in the integrity of any criminal proceedings and in the resolution of the constitutional issues raised on this civil action.

      The one factor that weighs against a stay as to Defendants Sanchez and Ahmad is the private interest of Plaintiff in bringing this case to resolution in an expeditious manner. The Court finds that this factor does not outweigh the factors that favor a stay. Thus, after considering the relevant factors, the Court finds that they clearly weigh in favor of granting Defendants Sanchez and Ahmad's request to stay to the extent that no written discovery may be served on Defendants Sanchez and Ahmad and the depositions of Defendants Sanchez and Ahmad may not be taken until after the criminal proceedings against them are resolved.

      The Court recognizes Plaintiff's argument that some discovery could still proceed against Defendants Sanchez and Ahmad and that their Fifth Amendment rights could "be accommodated on a question-by-question basis," [Dkt. 70 at 3], but given the complete overlap between the criminal proceedings and the issues in this case, the Court does not find that course of action to be feasible. Should discovery proceed against Defendants Sanchez and Ahmad, it is inevitable that they would be advised by their criminal counsel not to provide substantive answers to virtually all of it, and that could result in an adverse inference against them in this case that could hinder their ability to defend themselves against Plaintiff's claims. *See Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 603 (7th Cir. 2019) ("When a defendant in a civil case invokes the Fifth Amendment, juries are permitted, but not required, to draw a negative inference against the defendant.").

That said, the Court does not find that this case should be stayed in its entirety. Discovery against the remaining Defendants (and any non-parties) may and should proceed, as such discovery will not implicate Defendants Sanchez and Ahmad's Fifth Amendment rights.[2] Likewise, any discovery by all Defendants should proceed forthwith so as to preclude any unnecessary delay of this proceeding once the criminal proceeds have been resolved.[3] This will help to ameliorate the prejudice of a delay to Plaintiff by allowing them to preserve evidence before memories fade and by allowing the case to be resolved as quickly as possible once the criminal proceedings have been concluded.

### III. Conclusion

For the reasons set forth above, Defendants Sanchez and Ahmad's motion to stay, [Dkt. 67], is **GRANTED IN PART**, to the extent that no written discovery may be served on Defendants Sanchez and Ahmad and the depositions of Defendants Sanchez and Ahmad may not

---

[2] The remaining Defendants filed a "reply" in support of Defendants Sanchez and Ahmad's motion. [Dkt. 74.] Setting aside the questionable procedural propriety of this filing, the Court notes that they argue in favor of a complete stay of this case because

> [e]ven though Defendants Virt, Clark, Bull, and Mathew will not face criminal charges, their testimony in this case will describe the actions taken by Defendants Sanchez and Ahmad. This testimony could then be used in Defendants Sanchez's and Ahmad's criminal case to their potential detriment. Indeed, courts have granted stays where some, but not all, of the defendants face criminal charges.

*Id.* at 2. But Defendants Virt, Clark, Bull, and Mathew can, and most certainly will, be subpoenaed to testify in the criminal case. Whether that testimony will be to the detriment of Defendants Sanchez and Ahmad remains to be seen, but presumably any testimony they would give in this case will be truthful and therefore will be the same as any testimony they would give in the criminal matter.

[3] The Court envisions that the only discovery that should remain to be completed at the close of the criminal proceeding will be written discovery served on Defendants Sanchez and Ahmad, the responses to which will likely be expedited, and the depositions of Defendants Sanchez and Ahmad.

be taken until after the criminal proceedings against them are resolved. However, the motion is **DENIED IN PART**, in that all other discovery shall proceed. The Court will schedule a conference with the parties by separate order to discuss the impact of this order on the current case deadlines.

    SO ORDERED.

Dated: 1 JUN 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.