UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESTATE OF HERMAN WHITFIELD, III, | ) |
| | ) CAUSE NO. 1:22-cv-01246-SEB-MJD |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| THE CITY OF INDIANAPOLIS, STEVEN SANCHEZ, ADAM AHMAD, MATTHEW VIRT, DOMINIQUE CLARK, JORDAN BULL AND NICHOLAS MATHEW, | ) |
| | ) |
| Defendants | ) |

**DEFENDANTS STEVEN SANCHEZ AND ADAM AHMAD'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Come now Defendants, Steven Sanchez and Adam Ahmad, by counsel, and for their Answer to Plaintiff's Second Amended Complaint, state as follows:

### I.   Nature of Case

1. Defendants deny that they used excessive force and that they caused the death of the Plaintiff's decedent. They further deny that they owe any damages to the Plaintiff.

### II.   Jurisdiction and Venue

2. Defendants deny there were any violations of the Fourth Amendment or 42 U.S.C. § 1983.

3. Defendants admit the allegations contained in paragraph 3.

4. Defendants make no response to the allegations contained in paragraph 4, as they are not directed against them.

5. Defendants admit the allegations contained in paragraph 5.

### III.    Parties

6. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 6, and neither admit nor deny said allegations but demand strict proof thereof.

7. Defendants make no response to the allegations contained in paragraph 7, as they are not directed against them.

8. Defendants admit they were adults at all relevant times and were employed as law enforcement officers by the City of Indianapolis. They deny they owe Plaintiff any damages.

### IV.    Facts

9. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 9, and neither admit nor deny said allegations but demand strict proof thereof.

10. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 10, and neither admit nor deny said allegations but demand strict proof thereof.

11. Defendants admit the allegations contained in paragraph 11.

12. Defendants deny the allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants admit that Sanchez deployed his Taser, but deny it was effective.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants admit the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny that the allegations contained in paragraph 19 are an accurate statement of what was said.

20. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 20, and neither admit nor deny said allegations but demand strict proof thereof.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 23, and neither admit nor deny said allegations but demand strict proof thereof.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants lack sufficient information to form a belief as to the truth of allegations regarding what decedent needed, and neither admit nor deny said allegations, but demand strict proof thereof.  Defendants deny excessive force was used.

26. Defendants admit the allegations contained in paragraph 26, to the extent they are directed against them.

27. Defendants make no response to the allegations contained in paragraph 27, as they are not directed against them.

28. Defendants make no response to the allegations contained in paragraph 28, as they are not directed against them.

29. Defendants make no response to the allegations contained in paragraph 29, as they are not directed against them.

30. Defendants make no response to the allegations contained in paragraph 30, as they are not directed against them.

31. Defendants make no response to the allegations contained in paragraph 31, as they are not directed against them.

32. Defendants make no response to the allegations contained in paragraph 32, as they are not directed against them.

33. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 33, and neither admit nor deny said allegations but demand strict proof thereof.

34. Defendants make no response to the allegations contained in paragraph 34, as they are not directed against them.

35. Defendants make no response to the allegations contained in paragraph 35, as they are not directed against them.

36. Defendants make no response to the allegations contained in paragraph 36, as they are not directed against them.

37. Defendants make no response to the allegations contained in paragraph 37, as they are not directed against them.

38. Defendants make no response to the allegations contained in paragraph 38, as they are not directed against them.

39. Defendants make no response to the allegations contained in paragraph 39, as they are not directed against them.

40. Defendants make no response to the allegations contained in paragraph 40, as they are not directed against them.

41. Defendants make no response to the allegations contained in paragraph 41, as they are not directed against them.

42. Defendants make no response to the allegations contained in paragraph 42 (A-J), as they are not directed against them.

43. Defendants make no response to the allegations contained in paragraph 43, as they are not directed against them.

44. Defendants make no response to the allegations contained in paragraph 44, as they are not directed against them.

45. Defendants admit the allegations contained in paragraph 45, to the extent they are directed against them.

46. Defendants admit the allegations contained in paragraph 46, to the extent they are directed against them.

### V. Claims

47. Defendants deny the allegations contained in paragraph 47, to the extent they are directed against them.

48. Defendants deny the allegations contained in paragraph 48, to the extent they are directed against them.

49. Defendants deny the allegations contained in paragraph 49, to the extent they are directed against them.

50. Defendants make no response to the allegations contained in paragraph 50, as they are not directed against them.

51. Defendants make no response to the allegations contained in paragraph 51, as they are directed against them.

Wherefore, Defendants, Steven Sanchez and Adam Ahmad, deny that Plaintiff is entitled to any damages and request that Plaintiff take nothing by way of its Complaint and for all just and appropriate relief in the premises.

## **AFFIRMATIVE DEFENSES**

Defendants, Steven Sanchez and Adam Ahmad, by counsel, for their Affirmative Defenses to Plaintiff's Second Amended Complaint, state as follows:

1. The Plaintiff's decedent's alleged injuries or damages were proximately caused by pre-existing injuries or conditions.

2. Defendants are entitled to qualified immunity as to all claims against them in their individual capacities, as a reasonable police officer could conclude, in light of existing law, that their conduct was not unconstitutional.

3. Defendants acted in good faith at all times and had reasonable grounds for believing that their actions did not violate any applicable laws.

4. Defendants reserve the right to assert additional affirmative defenses as discovery continues.

>                     Respectfully submitted,
>
>                     POLLACK LAW FIRM, P.C.
>
>                     /s/ Caren L. Pollack
>                     Caren L. Pollack (# 11897-49)
>                     *Attorney for Defendants, Steven Sanchez and Adam Ahmad*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was filed electronically on December 9, 2024. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

Richard A. Waples, #2132-49
WAPLES & HANGER
410 N. Audubon Road
Indianapolis, Indiana 46210
rwaples@wapeshanger.com
*Attorney for Plaintiff*

Israel Nunez Cruz, #18319-49
CRUZ LAW OFFICE
148 E. Market Street, Suite 501
Indianapolis, Indiana 46204
icruzlawfirm@gmail.com
*Attorney for Plaintiff*

Amy Stewart Johnson, #16257-49
Anthony W. Overholt, #16481-49
Stephanie V. McGowan, #30759-49
FROST BROWN TODD, LLP
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, Indiana 46204
asjohnson@fbtlaw.com
aoverholt@fbtlaw.com
smcgowan@fbtlaw.com
*Attorneys for Defendants, the City of Indianapolis, Matthew Virt, Dominique Clark, Jordan Bull and Nicholas Mathew*

John P. Lowrey, #29349-53
OFFICE OF CORPORATION COUNSEL
CITY OF INDIANAPOLIS
200 E. Washington Street, Suite 1601
Indianapolis, Indiana 46204
Brandon.Beeler@indy.gov
*Attorney for Defendants, the City of Indianapolis, Matthew Virt, Dominique Clark, Jordan Bull and Nicholas Mathew*

Andrew R. Duncan, #26349-49
John F. Kautzman, #5544-49
P. Mason Riley, #31483-49
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & DUNCAN, LLP
135 N. Pennsylvania Street, Suite 1600
Indianapolis, IN 46204
ard@rkblegalgroup.com
jfk@rkblegalgroup.com
pmr@rkblegalgroup.com
*Attorneys for Defendants, Steven Sanchez, Adam Ahmad, Matthew Virt, Dominique Clark, Jordan Bull and Nicholas Mathew*

/s/ Caren L. Pollack
Caren L. Pollack

POLLACK LAW FIRM, P.C.
10333 N. Meridian Street, Suite 111
Carmel, Indiana 46290