UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE ESTATE OF HERMAN WHITFIELD, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01246-SEB-MJD |
| | ) | |
| THE CITY OF INDIANAPOLIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S DISCOVERY MOTIONS**

This matter is before the Court on Plaintiff's Motion to Reconsider Order at Dkt. 120, [Dkt. 143], and Plaintiff's Motion to Compel Discovery, [Dkt. 144]. For the reasons and to the extent set forth below, both motions are **GRANTED**.

This case arises out of the death of Herman Whitfield III, which occurred while the six Defendant police officers were taking him into custody on April 25, 2022. In the Amended Complaint, which was filed on November 11, 2022, Plaintiff asserts a Fourth Amendment excessive force claim and state law claims of battery and negligence. The Amended Complaint specifically alleged that Defendant City of Indianapolis had a policy and practice of failing to adequately implement a meaningful crisis intervention operation, which was a cause of Whitfield's death. In the Second Amended Complaint, Plaintiff added an additional theory of liability against the City. Specifically, Plaintiff now also asserts that

> the City fails to meaningfully discipline its officers who engage in excessive force, including when that force results in death by positional asphyxiation. That investigation and discovery has revealed that rather than engage in transparent

and meaningful review, the City of Indianapolis reflexively takes the side of its officers accused of excessive force and works to exonerate them of any such charges, rather than neutrally assess their actions and take appropriate remedial or disciplinary measures when they transgress constitutional norms.

[Dkt. 130 at 2.]

In the instant motions, Plaintiff seeks to conduct discovery related to its new theory of liability. First, Plaintiff asks the Court to reconsider an earlier ruling that denied Plaintiff's request for leave to serve 75 additional requests for admission on Defendant the City of Indianapolis. That request was denied because, at the time, the requests did not relate to Plaintiff's claims in the case. However, the requests directly relate to the new claim set forth in Plaintiff's Second Amended Complaint. Each request relates to a past incident of an IMPD Officer using force. Plaintiff asks the City to admit certain facts regarding each incident, including facts relating to any discipline the officer in question received and the result of any civil or criminal legal proceedings against the officer. Second, Plaintiff moves to compel the City to respond substantively to Plaintiff's Eighth Request for Production of Documents and Things, in which Plaintiff seeks documents relating to past incidents—some, but not all, of those at issue in the proposed requests for admission, as well as some additional incidents.

The City objected to the document requests, and objects to the proposed requests for admission, on the ground that they relate to incidents going back decades. The City argues that "'[c]ourts evaluating *Monell* discovery requests routinely order the production of **all files** for a five-year period preceding the event at issue in a case.'" [Dkt. 149 at 5] (emphasis added by this Court) (quoting *DeLeonReyes v. Guevara*, 2019 WL 4278043 at *7 (N.D. Ill. 2019) (rejecting Plaintiff's request for a seven-year discovery period and limiting to four year period for *Monell* discovery in a police misconduct case) and citing *Bouto v. Guevara*, 2020 WL 4437671 (N.D. Ill.

2

2020) (limiting *Monell* discovery to five year period); *Couler v. City of Gary, Indiana*, 2023 WL 3052252, at *3 (N.D. Ind. Apr. 24, 2023) (same); *Prince v. Kato*, 2020 WL 1874099 (N.D. Ill. 2020) (limiting police misconduct case to four year *Monell* period); *Awalt v. Marketti*, 2012 WL 6568242, at *6 (N.D. Ill. Dec. 17, 2012) (five years)). That is an accurate quotation, but the City's reliance on it ignores the import of the bolded words, which provide critical context. The "*Monell* discovery requests" that the quotation refers to—and which all of the cited cases involve—are the type of "all files" requests in which a plaintiff seeks to discover a broad category of files. For example, *DeLeon-Reyes*, 2019 WL 4278043, *Bouto*, 2020 WL 4437671, and *Prince*, 2020 WL 1874099, are factually related cases[1] in which the plaintiffs sought to discover **all** (1) homicide investigative files and (2) complaint register files reflecting the investigation and disposition of allegations of officer misconduct, which totaled "hundreds" of files in each case.[2] When such broad requests are involved, limiting the temporal scope of discovery is often necessary to reach "the proper balance between the value of the material sought and the burden and time that production would place on the parties and the Court." *DeLeon-Reyes*, 2019 WL 4278043, at *8.[3] For example, in *DeLeon-Reyes*, the court found that "when comparing this case to production in other cases, production of four years strikes the right balance—it is sufficiently large that it provides a substantial sample set for expert analysis, but it reduces the burden to the City of producing seven years' worth of homicide files." *Id.* at *9.

---

[1] The three cases are related in the sense that they involve allegations of the same type of misconduct by the same law enforcement agency resulting in wrongful convictions.
[2] In the other two cases cited by the City, *Couler*, 2023 WL 3052252, and *Awalt*, 2012 WL 6568242, the plaintiff limited their requests to a five-year period, so the opinions contain no useful analysis of the temporal limitation issue.
[3] Plaintiff implicitly recognized this when it agreed to limit its requests for documents relating to the City's internal review of use of force incidents to a five-year period. *See* [Dkt. 149 at 2-3].

Thus, the court did not reflexively apply a general five-year rule, as the City suggests the Court should do here, but rather examined the particular circumstances of the case.

The City has not demonstrated that the particular circumstances of this case warrant a temporal limitation on the document requests and requests for admission at issue in the instant motion. The requests at issue are not the type of broad *Monell* discovery requests that typically justify a temporal limitation. The City does argue that permitting the discovery Plaintiff seeks would result in an undue burden on the City. As this Court has observed before:

> [a] party resisting discovery on the basis of undue burden must show with specificity that the discovery requests a[t] issue are objectionable. *See, e.g.* [*E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, at *3 (N.D. Ind. Aug. 1, 2012)] ("Dairy Farms has not pointed to a single discovery request that it alleges would be overly burdensome. . . . Dairy Farms simply states that the discovery would be burdensome and expensive without greater detail. The insufficiencies are fatal to its request."); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, 2007 WL 1164970 at *4 (N.D. Ind. Apr. 18, 2007) (quotation omitted) ("[I]f a party is to resist discovery as unduly burdensome, it must adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome."). This showing typically requires affidavits or other evidence supporting a party's assertions of burden. *See, e.g., Jenkins v. White Castle Mgmt. Co.*, 2014 WL 3809763 at *2 (N.D. Ill. Aug. 4, 2014) ("What is required is affirmative proof in the form of affidavits or record evidence."); *Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D. Ind. 1992) ("An objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence.").

*Prater v. All. Coal, LLC*, 2023 WL 6158836, at *3-4 (S.D. Ind. Sept. 21, 2023) (quoting *Whole Woman's Health All. v. Hill*, 2019 WL 10886889, at *3 (S.D. Ind. Oct. 7, 2019)). The City has not attempted to quantify the burden it would incur if it were required to respond to the requests at issue. In fact, the City does not actually argue that making those responses would be unduly burdensome itself;[4] rather, it argues that "[t]he big problem here is the burden to the City

---

[4] The City does note that some of the older information Plaintiff seeks may no longer exist. Obviously, the City does not have to produce information or documents that do not exist.

resulting from that information being produced." [Dkt. 149 at 3.] In other words, the burden the City cites is the (unquantified) burden it would face in trying to defend against the claim Plaintiff would mount if the discovery Plaintiff seeks supports Plaintiff's *Monell* claim. This, of course, is not a reason to deny Plaintiff discovery to which it is otherwise entitled. The City does not dispute that Plaintiff may attempt to use evidence regarding more recent incidents to support its *Monell* claim; in fact, the City argues the following:

> Plaintiff has already gathered evidence of more recent incidents that could be reviewed to support its *Monell* claims. As addressed earlier, Plaintiff has already served requests for production seeking information on use of force incidents during the five-year period before Mr. Whitfield's death. In response, the City produced reports outlining the number and type of use of force incidents for a five-year period. If Plaintiff truly intends to pursue its theory that officers are not disciplined resulting in an atmosphere encouraging improper uses of force, recent data for Plaintiff to review is available from the Blue Team reports produced.

[Dkt. 149 at 6.] The City has simply not satisfied its obligation of showing that age of the additional incidents at issue creates an undue burden on it.[5]

For the reasons set forth above, Plaintiff's Motion to Reconsider Order at Dkt. 120, [Dkt. 143], and Plaintiff's Motion to Compel Discovery, [Dkt. 144], are **GRANTED**. The City shall serve full and complete responses to the document requests and requests for admission **within twenty-one days of the date of this Order**.

SO ORDERED.

Dated: 14 JAN 2025

*Mark J. Dinsmore*
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[5] The City also suggests that permitting Plaintiff to use evidence regarding these incidents would needlessly complicate the trial, but this is an argument for a future motion in limine regarding the admissibility of the evidence at trial, not a reason to prohibit discovery.

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.

Case 1:22-cv-01246-SEB-MJD   Document 152   Filed 01/14/25   Page 6 of 6 PageID #: 1073